IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHANAE DESHIELDS, | * | C.A. No. 1:20-cv-01626 MN |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| JR RENTS INC., d/b/a/ AARONS, | * | |
| a Delaware corporation, | * | |
| | * | |
| Defendant. | * | |

**RESPONSE TO ORDER TO SHOW CAUSE**

COMES NOW, Defendant JR Rents Inc. d/b/a Aarons, ("Aarons"), and hereby responds to the Court's Order to Show Cause.

1. On October 4, 2021, Aarons filed a Motion for Summary Judgment with several exhibits, one of which contained Plaintiff's personal identifiers.

2. On January 25, 2022, the Court requested Aarons to show cause why it should not be sanctioned for violation of Rules 5.2(a)(1)-(2).  On the same day, below counsel contacted the Clerk to determine if there had been any access to or exposure of the personal information and was informed that the exhibit had been placed under seal since October 4, 2021, and no outside access occurred.  Below counsel also contacted Plaintiff's attorney to apologize for the violation and was told that Plaintiff does not wish to pursue sanctions.

3. A redacted version of the exhibit is attached hereto.

4. The court's inherent power to sanction should be exercised with restraint and discretion. Desouza v. Park W. Apartments, Inc., No. 3:15-CV-01668 (MPS), 2018 U.S. Dist. LEXIS 99527, at *2 (D. Conn. June 14, 2018).  "A party's willingness to remedy a violation of Rule 5.2(a) as soon as it is brought to their attention ameliorates the need for sanctions." Id., at *3. Generally, courts impose sanctions where parties refuse to remedy their violations or commit

far more egregious conduct than that of unintentionally filing a document containing a personal identifier.  Id.

5. Here, the uploading and filing of the exhibit containing personal identifiers was an unintentional clerical error which counsel acted to correct as soon as she learned of the violation. Therefore, as in Desouza, since the conduct is not sufficiently egregious and since counsel took action to remedy the violation as soon as counsel learned of it, sanctions should not be imposed.

6. Moreover, thanks to the Court's efficiency, the document was never exposed. Accordingly, Aarons respectfully requests that the Court not impose sanctions.

**MARGOLIS EDELSTEIN**

*/s/ Loren R. Barron, Esq.*
Loren R. Barron, Esquire (#5590)
300 Delaware Ave., Suite 800
Wilmington, DE 19801
Telephone: (302) 313-9604
lbarron@margolisedelstein.com
Words:  395
*Attorney for Defendant*

Dated:  January 26, 2022