## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHANAE DESHIELDS,                           *       C.A. No.  1:20-cv-01626 MN
                                            *
                    Plaintiff,              *
                                            *
        v.                                  *
                                            *
JR RENTS INC., d/b/a/ AARONS,               *
a Delaware corporation,                     *
                                            *
                    Defendant.              *

## <u>AMENDED RESPONSE TO ORDER TO SHOW CAUSE</u>

COMES NOW, Defendant JR Rents Inc. d/b/a Aarons, ("Aarons"), and hereby responds to the Court's Order to Show Cause.

1.      On October 4, 2021, Aarons filed a Motion for Summary Judgment with several exhibits, one of which contained Plaintiff's personal identifiers.

2.      On January 25, 2022, the Court requested Aarons to show cause why it should not be sanctioned for violation of Rules 5.2(a)(1)-(2).  On the same day, below counsel contacted the Clerk to determine if there had been any access to or exposure of the personal information and was informed that the exhibit had been placed under seal since October 4, 2021, and no outside access had occurred.

3.      Also, on January 25, 2022, below counsel contacted Plaintiff's attorney to apologize for the violation and was told that Plaintiff does not wish to pursue sanctions.

4.      On January 26, 2022, Defendant filed its Response to the Court's Order to Show Cause.  On the same date, the Court ordered that Defendant re-submit its Response to the Order to Show Cause in view of the fact that the exhibit had actually not been sealed on October 4, 2021, but, instead, had been sealed on January 25, 2022.

5.      A redacted version of the exhibit is attached hereto.

6.      The Court's inherent power to sanction should be exercised with restraint and discretion.  Desouza v. Park W. Apartments, Inc., No. 3:15-CV-01668 (MPS), 2018 U.S. Dist. LEXIS 99527, at *2 (D. Conn. June 14, 2018).  "A party's willingness to remedy a violation of Rule 5.2(a) as soon as it is brought to their attention ameliorates the need for sanctions."  Id., at *3.  Generally, courts impose sanctions where parties refuse to remedy their violations or commit far more egregious conduct than that of unintentionally filing a document containing a personal identifier.  Id.

7.      Here, the uploading and filing of the exhibit containing personal identifiers was an unintentional clerical error which counsel acted to correct as soon as she learned of the violation. And, fortunately, during the time it was exposed, the document was never accessed by outside persons.  Therefore, as in Desouza, since the conduct is not sufficiently egregious and since counsel took action to remedy the violation as soon as counsel learned of it, sanctions should not be imposed.

Accordingly, Aarons respectfully requests that the Court not impose sanctions.

**MARGOLIS EDELSTEIN**

*/s/ Loren R. Barron, Esq.*
Loren R. Barron, Esquire (#5590)
300 Delaware Ave., Suite 800
Wilmington, DE 19801
Telephone: (302) 313-9604
lbarron@margolisedelstein.com
Words:  395
*Attorney for Defendant*

Dated:  January 26, 2022

2